IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MURRAY HILTON,

    Plaintiff,

vs.                      Case No. 5:03cv166-MCR/WCS

FRANK McHUGH,
and SEYMOUR GOSS, M.D.,

    Defendants.

_____/

**O R D E R**

Although this case has been stayed until July 1, 2005, *see* docs. 118 and 122, Plaintiff, an inmate proceeding *pro se* in this matter, has filed several documents: a request for production of documents, doc. 130, Plaintiff's narrative statement of facts, doc. 131, a motion requesting appointment of counsel, doc. 132, and a notice of change of address, doc. 133. It was anticipated that no order would be filed until after the stay was lifted, *see* doc. 122, but considering that Plaintiff is *pro se*, this order is entered so as not to leave Plaintiff wondering about the status of his motions.

Plaintiff has correctly filed the notice of address change, and Plaintiff is reminded to keep the Court advised as to his current whereabouts, especially in light of the

pending bench trial.[1]  It is anticipated that Plaintiff will be transferred closer to the Court prior to the trial, and Plaintiff shall keep the Court informed as to his transfer.  Plaintiff shall confirm his place of incarceration **as of August 15, 2005**, with the Court by a notice set on that date.

As for Plaintiff's motion requesting the production of documents, doc. 130, discovery in this case is closed.  Plaintiff was previously given an opportunity to seek additional discovery, *see* docs. 93 and 97, and that period ended on November 12, 2004.  Doc. 97, p. 2.  Plaintiff has not explained why he waited so long to request discovery, he has not shown the need for the documents or the relevancy.  Plaintiff's motion is denied.

Attached to this motion are numerous pages of several exhibits.  These documents, presumably, should be attached to Plaintiff's narrative statement, doc. 131.  The Clerk of Court shall correct the docket to attach the exhibit to document 130 as an exhibit with document 131.  Plaintiff's seven-page narrative statement has been reviewed.  The prior order, however, gave Plaintiff until July 15, 2005, to submit the pre-trial documents.  Doc. 122.  Plaintiff still has until that date to submit all of the information as listed in that Order.  Doc. 122.

As for Plaintiff's motion requesting the appointment of counsel, doc. 132, it is noted that Plaintiff has been able to clearly articulate his claims and allegations in this case.  Plaintiff has sufficient access to the law library to provide case citations in his motion.  Doc. 132.  Plaintiff's case is not so complex as to warrant the appointment of counsel.  The motion is denied.

---

[1] This case is set for a bench trial beginning on August 29, 2005.  Doc. 124.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for appointment of counsel, doc. 132, is **DENIED**.

2. Plaintiff's motion requesting the production of documents, doc. 130, is **DENIED**.

3. On **August 15, 2005**, Plaintiff shall confirm his place of incarceration by filing a notice with the Court.

4. The Clerk of Court shall correct the docket to reflect that the approximately 54 pages of exhibits that were filed with doc. 130 should have been filed with Plaintiff's narrative, doc. 131, and they shall be moved accordingly.

5. Plaintiff is reminded that as previously ordered, doc. 122, on or before **July 15, 2005**, Plaintiff shall file the following:

    A. A narrative written statement of the facts that will be presented on his behalf through oral or documentary evidence at trial, certifying any facts or issues which have been stipulated.

    B. A list of all exhibits he will offer into evidence at the trial of the case, and shall furnish counsel for Defendants with a copy of each exhibit.

    C. A list of the names and addresses of all the witnesses whom Plaintiff intends to call and a succinct summary of the expected testimony of each of those witnesses.

    D. If any of the witnesses are inmates, the narrative written statement must be accompanied by a motion as described in this order.

    E. Any proposed jury instructions.

F.  Plaintiff shall serve upon counsel for Defendant a complete copy of all of the foregoing, and shall include in the original document filed with the Clerk of the Court a certificate stating the date a true and correct copy was mailed to Defendant's counsel.  Failure to file a pretrial narrative may result in a cancellation of the trial and a recommendation of dismissal for failure to prosecute.  Defendant shall notify the Court if Plaintiff fails to fully comply with this order.

6.  Defendants shall file their pretrial materials as previously order, doc. 122, by August 15, 2005.

7.  These proceedings shall remain stayed until **July 1, 2005**.[2]

**DONE AND ORDERED** on May 18, 2005.

      s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] No further order will be entered to reactivate these proceeding although it is anticipated that an order will be issued reminding the parties of the deadline for filing the pre-trial documents explained *supra*.

Case No. 5:03cv166-MCR/WCS