IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


MURRAY HILTON,

    Plaintiff,

vs.                                          Case No. 5:03cv166-MCR/WCS

FRANK McHUGH,
and SEYMOUR GOSS, M.D.,

    Defendants.

                             /


**O R D E R**

This case was previously stayed until July 1, 2005. Doc. 122. This order is entered to provide direction to the parties in continuing this litigation.

The claims which remain in this § 1983 case are against Defendants McHugh and Goss. Plaintiff, a *pro se* inmate, alleged that his Eighth Amendment rights were violated when Defendants failed to provide Plaintiff with adequate and timely medical care. A bench trial has been requested, *see* docs. 116, 117, but will be carried out as an evidentiary hearing. Docs. 121, 122. Following the hearing, the undersigned will enter a report and recommendation to which the parties will be afforded an opportunity to file objections if desired. The following procedures are to be followed in this case.

**Scheduling**

The evidentiary hearing is scheduled for **August 29, 2005**. Doc. 124. Three days have been reserved on the Court's calendar. Doc. 125.

It is noted that in January of 2005, Plaintiff filed a notice of change of address showing that he was transferred from Calhoun Correctional Institution's Work Camp to DeSoto Correctional Institution in Arcadia, Florida, doc. 112, and then to the DeSoto Work Camp. Doc. 133. Plaintiff shall file a notice of his current housing location **no later than August 9, 2005**.

The parties were previously advised of the requirements which would be due shortly after the stay was lifted. Doc. 122. Thus, these deadlines should not come as a surprise to the parties. Absent a showing of extraordinary circumstances, these deadlines will not be changed.

Previously, Plaintiff was directed to file his narrative statement, exhibit list, witness list, and any proposed jury instructions by July 15, 2005.[1] Doc. 122. Plaintiff timely filed his narrative statement, doc. 131, accompanied by numerous exhibits. Plaintiff has not presented a witness list and, thus, Plaintiff's only witness testimony will be himself.

Plaintiff is reminded that if new evidence (either witnesses or documentary evidence) is discovered after the filing of his narrative statement, Plaintiff shall immediately furnish to the Court and to the opposing party complete details thereof, together with the reason for the late discovery. Use of such evidence or witnesses shall be allowed in this circumstance only by court order.

Defendants are reminded that they have until **August 15, 2005**, in which to serve upon Plaintiff and file the narrative written statement, a list of all exhibits to be offered

---

[1] As there will now be an evidentiary hearing before the undersigned, there is no need for jury instructions.

Case No. 5:03cv166-MCR/WCS

into evidence, and a list of all witnesses.  *See* doc. 122.  These requirements are explained in greater detail *infra*.

Plaintiff filed a motion for reconsideration of the previous order which denied Plaintiff's motion requesting the appointment of counsel to represent him.  Doc. 139. The instant motion has been fully reviewed along with the previous motion and order. The appointment of counsel is not a constitutional right and this case does not present complex legal issues.  The motion is denied.

Plaintiff also filed a motion requesting to withdraw exhibit B.  Doc. 140.  Plaintiff appears to request withdrawal of the exhibit "due to lack of document."  *Id.*  Because the prior order directed Plaintiff to furnish Defendants' counsel with "a copy of each exhibit," Plaintiff's motion is granted.

Accordingly, it is **ORDERED:**

1.  Plaintiff's motion for reconsideration, doc. 139, is **GRANTED** to the extent the prior order, doc. 134, has been reviewed.

2.  The order denying the motion requesting the appointment of counsel was correct as entered and will stand.  The appointment of counsel is unnecessary in this case.

3.  Plaintiff's motion requesting to withdraw exhibit B, doc. 140, is **GRANTED**.

4.  To take the place of a pretrial conference, no later than **August 15, 2005**, Defendants shall serve upon Plaintiff and file:

    A.  A narrative written statement of the facts that will be presented on their behalf through oral or documentary evidence at trial, certifying any facts or issues which have been stipulated.

   B. A list of all exhibits Defendants will offer into evidence at the trial of the case, and shall furnish Plaintiff with a copy of each exhibit.

   C. A list of the names and addresses of all the witnesses whom Defendants intend to call, and a summary of the expected testimony of each of those witnesses.

  5. Failure to fully disclose in the pretrial narrative statement the substance of the evidence to be offered at trial will result in exclusion of that evidence at the trial. The only exceptions will be (a) matters which the Court determines were not reasonably discoverable, (b) privileged matters, and (c) matters to be used solely for impeachment of a witness.

  6. Plaintiff shall file a notice of his current housing location **no later than August 9, 2005**.[2]

  7. The Clerk of Court shall return this file to the undersigned upon Plaintiff's filing of his notice of current location, or no later than August 9, 2005.

  **DONE AND ORDERED** on July 21, 2005.

            <u>s/   William C. Sherrill, Jr.</u>
            **WILLIAM C. SHERRILL, JR.**
            **UNITED STATES MAGISTRATE JUDGE**

---

  [2] If Plaintiff has reason to believe he will be transferred in the near future, he should advise the Court of those circumstances in his notice.

Case No. 5:03cv166-MCR/WCS